UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------
EMILY DUNCAN, AYASHA DUNCAN,
LILLIAN JACOBS and SHARFFEE
MOORE,

                Plaintiffs,

         - against -

GLEN A. CRAWFORD, TRANSFER
STATION SERVICES INC. and TRANSFER
TRAILER SERVICES INC.,

                Defendants.
-------------------------------------------------------

**ORDER REMANDING ACTION
TO STATE COURT**

No. 16 CV 4699 (PKC)(JO)

PAMELA K. CHEN, United States District Judge:

This action arises out of a motor vehicle collision that occurred on June 22, 2015. On July 12, 2016, Plaintiffs Emily Duncan, Ayasha Duncan, Lillian Jacobs, and Sharffee Moore (collectively, "Plaintiffs") filed a personal injury action in the Supreme Court of the State of New York, Kings County, and effected service on defendants in the following weeks. On August 23, 2016, Defendants Glen A. Crawford, Transfer Station Services Inc., and Transfer Trailer Services Inc. (collectively, "Defendants") timely filed a Notice of Removal ("NOR") removing this action to this Court. (Dkt. 1.) As set forth below, this case is *sua sponte* REMANDED to State court.

**DISCUSSION**

Defendants invoke diversity jurisdiction pursuant to 28 U.S.C. § 1332 as the basis for subject matter jurisdiction. Defendants, as the removing parties, bear the burden of proving "that it appears to 'a reasonable possibility'" that the amount in controversy exceeds the $75,000 jurisdictional threshold mandated by 28 U.S.C. § 1332(a). *United Food & Commercial Workers Union, Local 919, AFL-CIO v. CenterMark Properties Meriden Square, Inc.*, 30 F.3d 298, 305 (2d Cir. 1994) (citation omitted). "[I]f the jurisdictional amount is not clearly alleged in the plaintiff's

complaint, and the defendant's notice of removal fails to allege facts adequate to establish that the amount in controversy exceeds the jurisdictional amount, federal courts lack diversity jurisdiction as a basis for removing the plaintiff's action from state court." *Lupo v. Human Affairs Int'l, Inc.*, 28 F.3d 269, 273−74 (2d Cir. 1994); *see also Somlyo v. J. Lu-Rob Enters., Inc.*, 932 F.2d 1043, 1046 (2d Cir. 1991) ("In light of the congressional intent to restrict federal court jurisdiction, as well as the importance of preserving the independence of state governments, federal courts construe the removal statute narrowly, resolving any doubts against removability."). A district court may, at any time and absent a motion, remand a case *sua sponte* upon a finding that it lacks subject matter jurisdiction. *See* 28 U.S.C. § 1447(c); *Mitskovski v. Buffalo & Fort Erie Pub. Bridge Auth.*, 435 F.3d 127, 131, 133−34 (2d Cir. 2006) (citations omitted).

Here, Defendants fail to meet their burden to allege facts showing that the $75,000 jurisdictional amount required for diversity jurisdiction has been satisfied.[1] The NOR conclusorily represents that "[t]he amount in controversy is alleged to be more than $75,000." (NOR ¶ 7.) But a review of the State court Complaint reveals only an allegation that "Plaintiffs have been damaged in a substantial amount to be determined by the Supreme Court of the State of New York which amount exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction." (Compl. ¶ 36.) The Complaint's mention of "lower courts" is simply a reference to the lower civil courts of New York, which may not entertain actions seeking to recover more than $25,000. *See Woodley v. Massachusetts Mut.*, No. 08-cv-0949, 2008 WL 2191767, at *2 & n.3 (S.D.N.Y. May 23, 2008) (remanding case due to defendant's failure to satisfy jurisdictional amount where defendant relied solely on an *ad damnum* clause in plaintiff's complaint stating that

---

[1] The complete diversity requirement, however, appears to be satisfied: Plaintiffs are all alleged to be citizens of New York, and Defendants are alleged to be citizens of New Jersey. (*See* Compl. ¶¶ 1-7; NOR ¶ 4-7.)

plaintiff was seeking damages in excess of the "monetary jurisdiction of all lower [c]ourts" and collecting cases). Thus, the allegation at most establishes that claimed damages exceed $25,000.

Moreover, in describing Plaintiffs' injuries, the Complaint's allegations are boilerplate: that Plaintiffs "sustained severe and permanent personal injuries," and that Plaintiffs "were and remain incapacitated from their normal pursuits, endure pain and suffering, and . . . are informed and verily believe that same will continue in the future." (Compl. ¶¶ 30, 35.) Neither the Complaint nor the NOR contains any further information specifying the exact nature and extent of Plaintiffs' injuries, or the treatment they have received, that would permit this Court to draw a reasonable inference that the amount in controversy requirement has been satisfied. *See Herrera v. Terner*, No. 16-cv-4610, 2016 WL 4536871, at *2 (E.D.N.Y. Aug. 30, 2016) (citing *Nogeura v. Bedard*, 2011 WL 5117598, at *3 (E.D.N.Y. Oct. 26, 2011) (remanding personal injury action where neither the complaint nor the notice of removal "particularize[d] or amplifie[d] in any way the extent of plaintiff's injuries or damages.")). The Court notes that Plaintiffs also allege that their injuries and economic loss falls within the ambit of Sections 5102 and 5104 of the Insurance Law of the State of New York. (Compl. ¶¶ 31-32.) From this, the Court "may infer that [Plaintiffs] are seeking damages somewhere in excess of $50,000 for their economic loss because New York's no-fault statute does not permit a recovery for economic loss up to $50,000." *Johnson-Kamara v. W. Chacon Trucking*, No. 05-cv-9900, 2006 WL 336041, at *2 (S.D.N.Y. Feb. 9, 2006) (citing N.Y. Ins. Law §§ 5102(a), 5104(a)). But this still does not get us over $75,000. *Id.*

In light of the foregoing, the Court cannot ascertain from the face of the Complaint that Plaintiffs' injuries, combined with economic loss, would result in a claim against Defendants in excess of the $75,000 jurisdictional requirement, and Defendants have provided no additional facts

in support.² Accordingly, the Court finds that the action does not meet the threshold amount in controversy required to invoke this Court's diversity jurisdiction, and that the Court therefore lacks subject matter jurisdiction over this action.

## CONCLUSION

For the foregoing reasons, this case is REMANDED to New York State Supreme Court, Kings County, under Index No. 511986/16, for lack of federal subject matter jurisdiction.

SO ORDERED.

*/s/ Pamela K. Chen*_____
Pamela K. Chen
United States District Judge

Dated: September 14, 2016
      Brooklyn, New York

---

² As one court in this District has advised, "[r]ather than prematurely removing the action to this Court," Defendants should have availed themselves of N.Y. C.P.L.R. § 3017(c), which provides that a defendant "may at any time request a supplemental demand setting forth the total damages to which the pleader deems himself entitled." *Herrera*, 2016 WL 4536871, at *2.